*427
 
 Battle, J.
 

 We have examined with care the errors assigned in. the bill of exceptions, both for a
 
 venire de novo
 
 and for a' new trial, without being able to find anything to sustain either of them.
 

 The objection to the formation of the jury, upon which the motion for a
 
 venire de novo
 
 was founded, is clearly untenable. ' The challenge to the array of the original panel of jurors by the prisoner, and the admission by the Solicitor for the State of the cause of challenge, made it absolutely necessary to resort to the special venire, just as it would have-been had the prisoner challenged each juror separately. In the latter case the jurors summoned on the special
 
 venire
 
 would have properly been called in, and we cannot perceive any good reason why the same course was not admissible-when the whole original panel was set aside at the instance-of the prisoner.
 
 State
 
 v.
 
 Benton,
 
 2 D. & B., 196;
 
 State
 
 v.
 
 Lytle,
 
 5 Ire., 58;
 
 State
 
 v.
 
 Shaw,
 
 3 Ire., 532.
 

 The objection to the charge of the Judge upon wdrich the-motion for a new trial was based is also untenable. The-instruction which the prisoner’s counsel requested to be given the jury upon the testimony of his witness, Dr. Sloan, was, that if they believed the circumstances of the homicide were correctly stated by the prisoner in his interview with the witness Sloan, and that the prisoner killed the deceased to save his own life, he could not be convicted of murder, but of manslaughter only. The Judge declined to-give the instructions in the terms asked, and we think he did so properly, because it left out of view the material and important fact, that the testimony of the witness-tended to prove that the prisoner had followed the deceased with a deadly weapon for the purpose of demanding satisfaction for the insult given him, and to kill deceased, or to do-him great bodily harm, should the demand for satisfaction be refused. The Judge, therefore, was right to adapt his
 
 *428
 
 -charge to the facts proved, and according -to them the prisoner was undoubtedly guilty of murder. See
 
 State
 
 v.
 
 Madison Johnson,
 
 1 Ire., 354, as explained and corroborated in
 
 State
 
 v.
 
 Jacob Johnson,
 
 2 Jon., 247.
 

 It must be certified to the Superior Court of law for the county of Gaston that there is no error in the record.
 

 Per Curiam. There is no error.